UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ma Amba Minnesota, Inc., a Minnesota corporation d/b/a Countryside Motel, | Case No. 18-cv-680 (SRN/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Auto-Owners Insurance Company, and Cafourek & Associates, Inc., a Minnesota corporation, | |
| Defendants. | |

Dustin C. Jones and Ken D. Schueler, Dunlap & Seeger, P.A., 30 Third Street SE, Suite 400, Rochester MN 55904 (for Plaintiff Ma Amba Minnesota); and

William R. DeJean, Nielsen & Treas, LLC, 3838 North Causeway Boulevard, Suite 2850, Metairie LA 70002, and Brock P. Alton, Gislason & Hunter LLP, 701 Xenia Avenue South, Suite 500, Minneapolis MN 55416 (for Defendant Auto-Owners Insurance Company).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ma Amba, Minnesota, Inc. ("Ma Amba") operates the Countryside Inn Motel in Albert Lea, Minnesota. (Am. Compl. ¶ 15, ECF No. 28). The Countryside Inn Motel is located approximately one mile from Albert Lea Lake, an area classified as "Flood Zone C," denoting minimal flood hazard with some ponding and local drainage problems. (Am. Compl. ¶¶ 16–17). The property has four buildings. (Am. Compl. ¶ 15).

When Ma Amba acquired the Countryside Inn Motel, it also acquired an existing flood insurance policy covering the property purchased by its previous owner through

Defendant Cafourek & Associates, Inc. ("Cafourek"), an insurance agency that sells insurance plans on behalf of Defendant Auto-Owners Insurance Company ("Auto-Owners"). (Am. Compl. ¶¶ 18–22). Ma Amba then renewed that flood insurance policy on February 29, 2016, effective March 5, 2016 through March 5, 2017. (Am. Compl. ¶¶ 23–31). Ma Amba asserts it believed its existing flood insurance covered, and intended its renewed flood insurance to cover, all four buildings on its property. (Am. Compl. ¶¶ 23–31).

On September 22, 2016, two of the four buildings operated by Ma Amba were substantially damaged by flooding. (Am. Compl. ¶ 32). A week later, Defendants Auto-Owners and Cafourek advised Ma Amba that the flood insurance policy only covered one of the buildings, not all four buildings. (Am. Compl. ¶¶ 33–34). Ma Amba was asked to select which one of the two damaged buildings to apply its flood insurance coverage. (Am. Compl. ¶¶ 33–34). Ma Amba asserts that Cafourek's agents did not understand the flood insurance policy or the federal regulatory framework governing flood insurance when it sold and administered the policies. (Am. Compl. ¶¶ 35–36). In July 2017, Auto-Owners paid Ma Amba $186,445.30 for one of its damaged buildings and $46,132.46 for the damaged contents of one of its damaged buildings. (Am. Compl. ¶¶ 37–38).

Ma Amba then brought suit. In Count 1, Ma Amba asserts a breach of contract claim against Auto-Owners in failing to cover and pay for its flood damages pursuant to its flood insurance policy. (Am. Compl. ¶¶ 39–44). In Count 2, Ma Amba asserts Cafourek was negligent in training and supervising its employees concerning flood insurance policies, including writing the initial flood insurance policy for Ma Amba's

property and its subsequent renewals. (Am. Compl. ¶¶ 45–50). In Count 3, Ma Amba seeks to require Auto-Owners and Cafourek to reform the flood insurance policies to cover all four of Ma Amba's buildings. (Am. Compl. ¶¶ 51–56). In Count 4, Ma Amba asserts Auto-Owners and Cafourek are equitably estopped from limiting flood insurance coverage to one building. (Am. Compl. ¶¶ 57–61). And in Count 5, Ma Amba seeks a declaratory judgment that it had flood insurance for all four buildings. (Am. Compl. ¶¶ 62–67).

Before the Court now is Auto-Owners' motion to quash Ma Amba's jury demand as against Auto-Owners. (ECF No. 31).[1] Ma Amba made a jury trial demand in its complaint. (Am. Compl., at 1). In its answer, Cafourek requests a trial by jury as to all issues so triable. (ECF No. 29, at 14). In its answer, Auto-Owners asserts Ma Amba is not entitled to trial by jury against Auto-Owners because United States Treasury funds are at stake. (ECF No. 30, at 9, 20). Ma Amba concedes its breach of contract claim against Auto-Owners has no jury trial by right, but asserts one is available as to its remaining claims. Ma Amba further asks that an advisory jury be impaneled on the breach of contract claim.

## II. ANALYSIS

The Seventh Amendment confers the right to a trial by jury: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury

---

[1] "A motion to strike a jury trial demand is considered a non-dispositive motion." *Fed. Nat'l Mtg. Ass'n v. Grossman*, 2014 WL 12603063, at *5 (D. Minn. Apr. 11, 2014) (citing *Moreno v. Qwest Corp.*, 2013 WL 2444720, at *1 n.1 (D. Colo. June 5, 2013); *Deslauriers v. Chertoff*, 2009 WL 3418525, at *1 n.1 (D. Me. Oct. 20, 2009)).

3

shall be preserved . . . ." U.S. CONST. amend. VII; Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate."). A litigant is entitled to a jury trial for claims that are legal in nature, but not for those sounding in equity. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998). "If a jury demand includes issues as to which a party is not entitled to a jury trial, the court ought not to strike the demand altogether but should limit it to the issues on which a jury trial was properly sought." *Damsky v. Zavatt*, 289 F.2d 46, 48 (2d Cir. 1961). With this overarching legal framework in mind, it is important to look at the origination of Ma Amba's lawsuit as it contours the question concerning the parties' jury trial rights.

"By enacting the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.*, Congress established the [National Flood Insurance Program (NFIP)] to make flood insurance available on reasonable terms and to reduce fiscal pressure on federal flood relief efforts." *Campo v. Allstate Ins. Co.*, 562 F.2d 751, 754 (5th Cir. 2009). The Federal Emergency Management Agency administers the program and has promulgated the Standard Flood Insurance Policy ("SFIP") which are issued through private insurers known as "Write Your Own" ("WYO") companies. *Id.*; *Gunter v. Farmers Inc. Co., Inc.*, 736 F.3d 768, 770 (8th Cir. 2013) (citing 42 U.S.C. § 4011; 44 C.F.R. pt. 62, app. B).

> As "fiscal agent[s] of the Federal Government," WYO insurers deposit SFIP premiums in the United States Treasury and pay SFIP claims and litigation costs with federal money. 42 U.S.C. §§ 4017(a), (d); 44 C.F.R. §§ 62.23(g), (i)(6), (i)(9). WYO insurers cannot vary the terms of the SFIP without express written consent from the federal insurance administrator. 44 C.F.R. §§ 61.4(b), 61.13(d)–(e).

*Gunter*, 736 F.3d at 770; *Campo*, 562 F.2d at 754. "[I]f 'litigation is grounded in actions by the [WYO] Company that are significantly outside the scope of this Arrangement, and/or involves issues of agent negligence,' then such costs will not be reimbursable to the WYO carrier." *Id.* (quoting 44 C.F.R. pt. 62, app. A, art. III(D)(3)(a)).

In actions involving federal funds, "a plaintiff is only entitled to a jury trial if Congress has granted that right by statute." *Gunter*, 763 F.3d at 773 (citing *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 401 (5th Cir. 2012)). A breach of contract claim arising from the SFIP "puts federal funds at stake," making a jury trial unavailable. *Gunter*, 763 F.3d at 773. "Where federal funds are not at stake in connection with [extra-contractual] claims, courts have found that plaintiffs are entitled to a jury trial." *Reeder v. Nationwide Mut. Fire Ins. Co.*, 419 F. Supp. 2d 750, 766 (D. Md. 2006).

Here, Ma Amba asserts in Count 1 a breach of contract claim against Auto-Owners under its SFIP. As Ma Amba concedes, it has no right to a jury trial on Count 1 given Auto-Owners' status as a WYO insurance company because any judgment would be paid by the United States Treasury. As such, Ma Amba's jury demand as to Count 1 is rightfully quashed.

Turning to Ma Amba's other claims, the Court cannot conclude Ma Amba's jury demand should be quashed as to those. Ma Amba's remaining claims essentially relate to the origination of Ma Amba's flood insurance policy, either through the initial sale to Ma Amba's predecessor or from Ma Amba's renewals through Cafourek. It is unclear, based on the undeveloped record before the Court, which category Ma Amba's remaining claims fall into. The first category, "claims handling," involves "interactions between the

5

insurer and an insured seeking payment" under a flood insurance policy or disputes "surrounding the receipt of a renewal notice." *Grissom*, 678 F.3d at 400 (citing *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389–90 (5th Cir. 2005); *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 173 n.2 (5th Cir. 2009)). Procurement claims, on the other hand, relate to the procurement of insurance, such as a dispute with an "individual whose insurance had lapsed was a former and potential future customer of Allstate." *Grissom*, 678 F.3d at 400 (citing *Campo*, 562 F.2d at 756). While Ma Amba's claims do, in part, relate to renewal of a flood insurance policy, the claims also relate back to the procurement of the flood insurance policy that was continuously renewed. Without more factual development, the Court cannot conclude which category Ma Amba's remaining claims fall into as a motion to quash a jury demand is not the proper vehicle through which to resolve the parties' characterizations of Ma Amba's claims.

This categorization is necessary because "[f]ederal law preempts state law tort claims arising from *claims handling* by a WYO." *Campo*, 562 F.2d at 754 (quotation omitted, emphasis in original); *M & K Rest. LLC v. Farmers Ins. Co., Inc.*, 29 F. Supp. 3d 1204, 1225 (E.D. Ark. 2014) ("The Eighth Circuit has made clear that state law tort claims arising from the handling of any claim under the SFIP are expressly preempted by federal regulation.") (citing *Gunter*, 736 F.3d at 772). Federal law does not preempt state-law *procurement* claims, however, such as negligent misrepresentations made by an insurer or its agents during acquisition of a flood insurance policy. *Id.* at 757–58; *M & K Rest. LLC*, 29 F. Supp. 3d at 1225–30 (concluding that procurement-based extra-contractual and tort claims were not expressly preempted, field preempted, or conflict

preempted). Thus, putting Ma Amba's claims in the appropriate category has important consequences: if Ma Amba's claims are preempted, they are not viable and will not reach a jury, so a decision on whether a jury demand is valid or not would not be necessary. Making a determination as to the exact nature of Ma Amba's claims via the present motion would result in an implicit ruling as to whether Ma Amba's claims are preempted or not. As already expressed, such a decision is not appropriate on this undeveloped record. Nor is it appropriate through a motion to quash a jury demand.

As the record stands, the Court cannot deem Ma Amba's claims nonviable because more factual development is necessary to flesh out the parties' arguments. It follows, then, that there is no guarantee, based on the undeveloped record presently before the Court, that Ma Amba's extra-contractual claims, including state tort claims, would result in a charge against the United States Treasury should Ma Amba prevail. *M & K Rest. LLC*, 29 F. Supp. 3d at 1231. Indeed, actions "significantly outside the scope" of the actions permitted by WYO companies and those involving negligence by agents are specifically excepted from reimbursement with federal funds. *Campo*, 562 F.2d at 754. Auto-Owners has not moved to dismiss any of Ma Amba's claims beyond the breach of contract claim or moved for judgment on the pleadings. Rather, the parties prudently have opted to participate in discovery to develop their arguments. As such, Ma Amba's claims, and their attendant jury demands, remain viable at this time. *See, e.g.*, *Leach v. Ameriquest Mtg. Servs.*, 2007 WL 2668888, at *1 (E.D. La. Sept. 6, 2007) ("Plaintiffs do not have a right to a trial by jury on its flood claims. However, plaintiffs do retain the right to a jury for other matters not related to flood claims."). While Auto-Owners

ultimately believes that Ma Amba's claims beyond the breach of contract claim cannot be maintained, Ma Amba likewise believes it can develop the evidence necessary to support these claims as procurement based. On the undeveloped record before the Court it would be premature to quash Ma Amba's jury demand.

Moreover, Ma Amba asserts several of its claims against Auto-Owners and Cafourek jointly. There is no argument that any claims against Cafourek would result in a charge against the United States Treasury if Cafourek were found liable. *See Mahakali Krupa, LLC v. Allstate Ins. Co.*, 619 F. App'x 98, 101 (3d Cir. 2015) (noting that 44 C.F.R. § 61.5(e) creates a legal fiction that insurance agents act for the insured rather than their employer, thereby shielding the *employer* from liability). While it may eventually prove a complicated task untangling the claims against Cafourek and Auto-Owners should this lawsuit proceed to trial on all claims now asserted, this task is not presently before the Court nor does this potential complication demand preventive action before the record is developed.[2] And to the extent Ma Amba suggests in response to Auto-Owners' motion that an advisory jury may prove useful in this case on all claims where a jury is not guaranteed by right, including the breach of contract claim, such a request is premature and is appropriately considered in a motion in limine prior to trial.

---

[2] There are other legal issues to untangle as well, as Auto-Owners points out. For example, equitable estoppel is unavailable in a claim for funds from the public treasury. *Shuford v. Fidelity Nat'l Property & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007). Again, however, the record is undeveloped and it is too early to determine whether federal funds will be used for Ma Amba's non-breach of contract claims. As noted above, actions "significantly outside the scope" of actions permitted by WYO companies and those involving negligence by agents are specifically exempted from reimbursement with federal funds. *Campo*, 562 F.2d at 754.

### III. CONCLUSION

Based upon the foregoing and all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Auto-Owners Insurance Company's Motion to Quash Plaintiff's Jury Demand, (ECF No. 31), is **GRANTED IN PART and DENIED IN PART** as follows:

1. Ma Amba Minnesota, Inc.'s jury demand with respect to Count 1 of its Amended Complaint is quashed.

2. Ma Amba Minnesota, Inc.'s jury demand with respect to the remaining counts in its Amended Complaint remains at this time.

3. Ma Amba Minnesota, Inc.'s request for an advisory jury on Count 1 of its Amended Complaint is **DENIED WITHOUT PREJUDICE AS PREMATURE**. Such a request may be made in a motion in limine preceding trial.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like.

Date: October 24, 2018

          *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Ma Amba v. Auto-Owners Ins. Co., et al.*
Case No. 18-cv-680 (SRN/TNL)